JjMIRIAM G. WALTZER, Judge.
Outdoor System’s, Inc. appeals the judgment of the trial court sustaining Enter-gy’s peremptory exception of prescription. The issue for consideration is whether En-tergy’s supply of energy through lines wrongly placed constituted continuous tor-tious conduct sufficient to overcome the exception of prescription.
STATEMENT OF FACTS AND HISTORY OF THE CASE
On 27 May 1997, Outdoor System’s employee suffered serious injury from an electrical shock, allegedly caused by the wrongful placement of Entergy’s power lines. The employee filed suit to recover damages for his injuries. The employee’s claims were settled and dismissed on 13 October 2000. Outdoor Systems did not use its billboard after the accident on 27 May 1997. On 19 April 2000, Outdoor Systems filed suit against Entergy to recover damages, lost income. Entergy filed a peremptory exception of prescription. The trial court sustained the exception, and Outdoor Systems appealed the judgment dismissing all claims against Enter-gy. Outdoor Systems argues that either Entergy’s continued use of the power lines constitutes a continuing tort for purposes of prescription or Outdoor System’s petition relates back to the timely filed petition by its employee.
J^FIRST ASSIGNMENT OF ERROR: The trial court erred by concluding that Outdoor Systems did not state a cause of action for a continuing tort, and thus, granting Entergy’s exception of prescription.
Outdoor Systems argues that En-tergy’s constant use of the misplaced power lines constituted a continuing tort. Ordinarily, the party pleading prescription bears the burden of proving the claim has prescribed. However, when the face of the petition reveals that plaintiffs claim has prescribed, the burden shifts to the plaintiff to establish that his claim has not prescribed. In re Medical Review Panel for Maria Moses, 2000-2643 p. 6 (La.5/25/01), 788 So.2d 1173, 1177.
The continuing tort doctrine requires both continuous tortious conduct and resulting damages. When the cause of the injury is a continuous one giving rise to successive damages, prescription dates from cessation of the wrongful conduct causing the damage. South Central Bell Telephone Co. v. Texaco, Inc., 418 So.2d 531, 533 (La.6/21/82). In property law cases, the continuing tort doctrine serves to enlarge the period of tort liability by considering the relationship between the defendant’s course of conduct and the continued ill effects of such conducts on the plaintiff. A distinction is drawn between continuous and discontinuous operating causes. When the operating cause of the injury is continuous, giving rise to succes *851 sive damages, prescription begins to run from the day the damage was completed and the owner acquired, or should have acquired, knowledge of the damage. When the operating cause of the injury is discontinuous, there is a multiplicity of causes of action and of corresponding prescriptive periods. Prescription is completed as to each injury, and the corresponding action is barred, upon the passage of one year from the day the owner acquired, or should have acquired, knowledge of the damage. In re Maria Moses, supra at 1183. The laSupreme Court clarified the continuing tort doctrine in a property law case. Crump v. Sabine River Authority, 98-2326 (La.6/29/99), 737 So.2d 720. The Court held that a “continuing tort is occasioned by the [continual] unlawful acts, not the continuation of the ill effects of an original, wrongful act.” Crump, supra at 728. Addressing the requirement that there be continuous conduct by the defendant, the Court stated that “[t]he continuous conduct contemplated in a continuing tort must be tortious and must be the operating cause of the injury.” Crump, supra at 729, n. 7. When a defendant’s damage causing act is completed, the existence of continuing damages to a plaintiff, even progressively worsening damages, does not present successive causes of action accruing from a continuing tort. In re Moses, supra at 1183.
In Crump, the plaintiff argued that the mere existence of the canal, wrongfully dug, constituted the operating cause of daily injury, because the effect of its presence caused a continuous diversion of the flow of water away from the ex-bow. However, the Court found that the actual digging of the canal was the operating cause of the injury. The continued presence of the canal and the consequent continuous diversion of water from the ex-bow were the continuing ill effects of the original wrongful act. Crump, supra at 727-728. In considering what constitutes the operating cause of injury, the court considered several prior decisions finding the doctrine of continuing tort applicable. Crump, supra at 727-28, n. 6. The Court considered Di Carlo v. Laundry and Dry Cleaning Service, 178 La. 676, 152 So. 327, 329 (1933), in which the continuous operation of machines kept in disrepair caused constant vibrations resulting in damages, Devoke v. Yazoo and M.V.R. Co., 211 La. 729, 30 So.2d 816 (1947), in which the continued operation of a railroad terminal in a negligent manner caused the continuous emission of dense smoke, Rgases, soot and cinders, and Craig v. Montelepre Realty Co., 252 La. 502, 211 So.2d 627 (1968) in which plaintiffs suffered continuous damage to their property as a result of the continuous construction operations of defendant, including pile driving and the operation of saws and trucks.
In their petition, Outdoor Systems alleged that Entergy’s placement of the power lines caused damage to their property. In their argument, they contend that the placement and continued use of the power lines by Entergy constituted a continuing tort such that the trial court erred in sustaining Entergy’s exception of prescription. Before Entergy allegedly mispositioned the power lines, Outdoor Systems had no cause to complain about Entergy’s use of the lines. Without this alleged negligence, Outdoor Systems has no cause of action. The injury and resulting damages arose not from Entergy’s use of the power lines alone but from Enter-gy’s use of the mispositioned power lines.
Although Outdoor Systems had the burden to prove that Entergy’s continuous use of the power lines was tortious and that this conduct was the operating cause of the injury, Outdoor Systems offered no proof, *852 no evidence. Moreover, the allegations in their petition contend that the wrongful placement of the power lines caused their damages. We believe the trial court correctly sustained Entergy’s exception of prescription and dismissed all claims by Outdoor Systems.
SECOND ASSIGNMENT OF ERROR: Outdoor Systems argues that the trial court erred in sustaining the exception in part and dismissing its claim for damages sustained in the year prior to its suit.
Outdoor Systems relies on Landry v. Blaise, Inc., 99-2617 (La.App. 4 Cir. 8/10/00), 774 So.2d 187, for the argument that prescription did not begin to run | Buntil the damage had manifested itself with sufficient certainty to be susceptible to proof in a court of justice. Although we agree with this ■ statement of the law, we find plaintiffs reliance on Landry to be misleading. Outdoor Systems does not argue that the company’s damages did not manifest themselves for more than a year before they filed suit. As early as May 1997, Outdoor Systems knew of the problems associated with the placement of the power lines. Moreover, the Court in Crump specifically stated that when the continuous tortious conduct and operating cause of injury are completed, successive causes of action do not accrue simply because additional damages accrue, or even worsen. Supra at 726. Although we recognize that Outdoor Systems’ claim for lost profits, which losses accrue at specific intervals and in certain amounts, may distinguish the case currently before us from the claims in Crump, Outdoor Systems cited no authority, and offered no proof to support the arguable distinction, for allowing recovery of these amounts for the year prior to the date on which they filed suit. Outdoor Systems knew of the damage to their property in May 1997, but they did not file suit until January 2000. Because we find no error with the trial court’s refusal to apply the continuing tort doctrine, we find no authority for allowing recovery of any damages.
THIRD ASSIGNMENT OF ERROR: Outdoor Systems argues that the trial court erred in not finding that its untimely petition related back to the timely filed petition for damages filed by the injured employee.
Outdoor Systems first argues that the petition relates back in its reply memorandum. We find this attempt to expand the scope of the appeal constitutes a violation of Rule 2-12.4 and Rule 2-12.6 of the Uniform Rules of Courts of Appeal. Rule 2-12.4 requires that the appellant’s brief state the alleged errors for | ¿review, and Rule 2-12.6 specifies that the reply brief “shall be strictly confined to rebuttal of points urged in the appellee’s brief.” We decline to consider this assignment of error as appellant failed to properly raise it.
CONCLUSION
For the above reasons, the judgment of the trial court sustaining Entergy’s exception ■ of prescription is affirmed and all claims against Entergy are dismissed.
AFFIRMED.